**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR76** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **EDMUND TERRELL DAVIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 32) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Defendant's motion to suppress (Filing No. 11).  The Defendant, Edmund Terrell Davis, filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 36, 37) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendant, Edmund Terrell Davis, seeks an order suppressing evidence seized as a result of the December 29, 2006, traffic stop, detention and search.  Judge Thalken determined: the broken taillight on the vehicle in which Davis was a passenger violated Nebraska Revised Statute § 60-6,219(6) (Reissue 2004); even if the taillight was not a per se violation of the statute, officers had an objectively reasonable basis to conclude that a traffic violation occurred based on the broken taillight; officers were entitled to conduct an investigation related to the broken taillight; in the process of investigating the broken taillight officers smelled marijuana, which allowed them to broaden the scope of their investigation; and the broadened investigation led to the discovery of marijuana in the vehicle and in a passenger's pocket, the discovery of the handgun that led to the instant charges, and Davis's attempt to flee.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**DISCUSSION**

The Court has read the parties' briefs (Filing Nos. 12, 13), the transcript (Filing No. 29), and the Defendant's objections and supporting brief (Filing Nos. 36, 37).  The Court has also carefully viewed the evidence.  (Filing No. 26.)

The Defendant objects to the following portions of the Report and Recommendation: the conclusion that probable cause justified the stop of the vehicle in which he was a passenger; and the conclusion that the subsequent search and seizure of the occupants of the vehicle was a permissible expansion of the stop for the broken light cover.  (Filing No. 36.)  The objections are discussed below.

***Probable Cause for Stop of Vehicle***

The Nebraska Revised Statute discussed in the litigation of the pending motion provides that "[i]t shall be unlawful for any owner or operator of any motor vehicle to operate such vehicle upon a highway unless the lens covering each taillight is unbroken." Neb. Rev. Stat. § 60-6,219(b)(6) (Reissue 2004).  This subsection of § 60-6,219 applies only to "taillights" which reflect a "red light."  § 60-6,219(3) & (6)(b).  The only statute that

2

addresses the required condition of a turn signal requires it simply to be "in good working order." Neb. Rev. Stat. § 60-6,226(1) (Reissue 2004).

The Report and Recommendation referred to a broken "taillight." (Filing No. 32.) At the hearing, initially the testimony reflected a broken "taillight." However, the Defendant testified that one of the rear turn signals, as opposed to a red taillight, was broken and covered with tape. (Filing No. 29 ("TR"), at 56, 61.) The rear lights of the car are shown in photographs admitted as evidence. (Exs. 104-106.) The Defendant's argument is that a broken turn signal is not covered by § 60-6,219 and, therefore, probable cause did not support the stop of the vehicle.

The Court agrees with Davis's interpretation of § 60-6,219, as the statutory language is clear that the section refers only to taillights. Nevertheless, the Court concludes that reasonable suspicion existed for the stop of the vehicle under the facts and circumstances of this case. The photographs show the light in question and the tape covering the broken light. (Exs. 104-106.) However, the picture that best depicts the broken light is somewhat dark and appears to show that the tape covers some of the tail light as well as the turn signal. (Ex. 105.) On this particular car, the turn signal appears as a part of the entire rear light. (Exs. 104-106.) Therefore, the Court cannot determine based on the record that only the turn signal was broken.

Assuming only for the sake of argument that even if the officers were mistaken that a traffic violation occurred, the Fourth Amendment is not violated if the officers' mistake was "objectively reasonable." *United States v. Herrera-Gonzalez,* 474 F.3d 1105, 1109 (8th Cir. 2007). The question is "whether an objectively reasonable police officer could have formed a reasonable suspicion" that Davis violated § 60-6,219(6)(b). *United States*

3

*v. Martin,* 411 F.3d 998, 1001 (8th Cir.2005).  The issue is whether there was a mistake of fact rather than law.  Davis argues that Officer Waller's testimony is not credible because of his lack of recollection of some facts, and notes that the city attorney dismissed Davis's broken taillight citation.  However, the record shows that an officer could reasonably believe that the taillight of the vehicle was broken and therefore the statute was violated.  Therefore, the Court concludes that the officers' stop of the vehicle in which Davis was a passenger was objectively reasonable, and this objection is denied.

### Scope of the Stop

Davis argues that the alleged failure of the officers to preserve the videotape of the stop should result in suppression of the evidence obtained.  Davis argues that the videotape would have captured events that would have contradicted Officer Waller's testimony in several respects and supported Davis's version of the facts to which he testified.  Most important, Davis argues that the video would have shown that the car windows were closed when the occupants were detained and, therefore, the detention occurred prior to the officers' opportunity to detect the odor of marijuana.[1]  (Filing No. 37, at 8-10.)

The Court credits the testimony of Officer Waller with respect to the fact that he and Officer Fancher smelled marijuana upon approaching the vehicle and making contact with the driver and that the driver's window was rolled down.  (TR 9-10.)  The Court discredits Davis's testimony insofar as he stated that all of the car windows were up.  (TR 72.)  Officer

---

[1]Davis and another occupant of the vehicle, Marcus Deal, testified that the occupants had smoked marijuana earlier in the evening at a friend's house.  (TR 84-85, 1-2-03.)

Waller testified that Officer Fancher made contact with the driver when both officers approached the car.  (TR 9.)  The Court credits the officer's testimony because an officer cannot make contact with a driver through a closed car window.  This objection is denied.

Insofar as Davis argues that the failure to preserve the videotape violates his due process rights, this argument would be more appropriately raised in the context of a motion to dismiss.  Nevertheless, the Court will briefly address the issue.  The failure to preserve evidence does not offend due process unless a defendant can show bad faith on the part of law enforcement.  *United States v. Iron Eyes,* 367 F.3d 781, 786 (8th Cir. 2004).  When asked what happened to the videotape of the stop, Officer Waller testified that it did not download correctly and therefore was not available.  (TR, at 29.)  Davis has not shown bad faith on the part of the officers with respect to their failure to produce the videotape, and therefore the due process claim fails.

## CONCLUSION

Because Judge Thalken fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED:

1.    The Magistrate Judge's Report and Recommendation (Filing No. 32) is adopted in its entirety; and

2.    The Defendant's motion to suppress (Filing No. 11) is denied.

DATED this 6TH day of July, 2007.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge

5